MORTGAGE RECOVERY LAW GROUP LLP
Michael H. Delbick (California Bar No. 139200)
Paul A. Levin (California Bar No. 229077)
Dana J. Clausen (California Bar No. 223212)
700 North Brand Boulevard, Suite 830
Glendale, California 91203
TELEPHONE: (818) 630-7900 ♦ FACSIMILE: (818) 630-7920
e-mail: michael.delbick@mortgagerecoveries.com
paul.levin@mortgagerecoveries.com
dana.clausen@mortgagerecoveries.com

SNIPPER, WAINER & MARKOFF
Maurice Wainer (California Bar No. 121678)
270 N. Canon Drive, Penthouse
Beverly Hills, California 90210
TELEPHONE: (310) 550-5770 ♦ FACSIMILE: (310) 550-6770
E-mail: mrwainer@swmfirm.com

Attorneys for Plaintiff FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for AmTrust Bank

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR AMTRUST BANK,<br><br>Plaintiff,<br><br>vs.<br><br>DOMINIC J. DUBLINO, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: EDCV12-2121 TJH (OPx)<br><br>PROTECTIVE ORDER [9] |

Pursuant to the stipulation between plaintiff FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for AmTrust Bank, and defendant DOMINIC J. DUBLINO, an individual, (collectively the "Parties"), and being fully advised by the Parties, and good cause appearing, the Court now enters the following Protective Order:

**PROTECTIVE ORDER**

The following restrictions shall be observed as to such properly designated Confidential Information as may be produced in discovery by the Parties to this litigation:

# I. INTRODUCTION

## A. Definitions

1. "Confidential Document" means any document produced that bears the stamp or legend specified in Section II, Designation of Confidential Information, below, which signifies that the Designating Person contends that the document contains Confidential Information (as Confidential Information is defined in the next paragraph) entitled to confidentiality under established principles of law.

2. "Confidential Information" means a trade secret or other confidential commercial information, sensitive or proprietary business or financial information, personal information, or information furnished to the party producing the information in confidence by a third party. The following categories of documents, while not exclusive, may be designated as Confidential Information:

a. "Loan Origination Files" for the loans at issue in this litigation which include the borrower's private information, and other confidential or proprietary business records.

b. "Loan Servicing Files" for the loans at issue in this litigation which will include the borrower's private information.

c. "Foreclosure Files" for the loans at issue in this litigation which will include the borrower's private information.

d. "Repurchase Demand Files" for the loans at issue in this litigation which will include the borrower's private information, confidential business records, and other proprietary information.

e. "Personal Records" as defined by California Code of Civil Procedure §1985.3.

3. "Document" or "Documents" means all written, recorded, electronic or graphic material, whether produced or created by a party or another person, and whether produced pursuant to document request, subpoena, by agreement, or otherwise, and includes deposition transcripts and exhibits, where applicable.

4. "Designating Person" means the Party or Person who initially produces the Document and marks it as "Confidential-Subject to Protective Order" pursuant to this Protective Order.

5. "Party" or "Parties" means any person or entity that is named as a party to this litigation.

6. "Person" means any natural person, or any legal or business entity, profit or nonprofit organization, or any government agency.

7. "Discovery Material" means: (a) all documents produced in this action; (b) all deposition testimony taken in this action, exhibits thereto and any video or transcripts thereof, whether in written or computer format; and (c) responses to interrogatories, responses to requests for admission, and all other written discovery served or filed in this action and all contents of such discovery.

8. "Disclose" means to show, give, make available, reproduce, communicate or excerpt any Discovery Material, or any part or contents thereof.

**B. <u>Good Cause</u>**

This action involves a dispute between defendant DOMINIC J. DUBLINO, an individual, and plaintiff FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for AmTrust Bank, relating to appraisals performed in connection with loans purchased by AmTrust Bank. This litigation will involve the review and analysis of

Loan Origination Files, Loan Servicing Files, Foreclosure files, Repurchase Demand Files and other Personal Records of individuals who applied for and obtained mortgage loans at issue. Good cause exists to grant the Parties' request for a Protective Order to (1) preserve the privacy interests of third party borrowers; (2) protect the confidential business records and proprietary information of the plaintiff and defendant; and (3) allow the Parties to exchange information in the most expeditious fashion possible, with a minimum burden, expense, dispute, and delay.

**C. Scope of Protective Order**

1. This Protective Order applies to all Parties to this action and their counsel as well as retained and non-retained experts and/or consultants.

2. Nothing in this Protective Order shall require disclosure of any information or material that is protected from disclosure by any applicable privilege.

3. Any Party hereto may make a good faith objection to the designation of any document, response, testimony, or information as “Confidential Information” by the Designating Person, and may make a motion for an order compelling disclosure of and/or access to such material without restriction, after attempting to resolve the objection with the Designating Person. Applicable Federal and/or California law shall govern the burden and standard of proof on any such motion. Prior to the submission of any such dispute to the Court, the challenging Party shall provide written notice to the Designating Person of its disagreement with the designation, and those Persons shall try first to resolve such a dispute in good faith. Pending the resolution of any such objection or motion, any Discovery Material, the confidentiality of which is disputed, shall remain subject to the terms of this Protective Order. A Party shall not be obligated to challenge the propriety of information designed as Confidential Information at the time the designation is made and failure to do so shall not preclude a subsequent challenge thereto. Notwithstanding the foregoing, any motion challenging a confidential designation shall be made in strict

compliance with Local Rule 37-1 and 37-2 and including the obligation to prepare and submit Joint Stipulations concerning the matters in dispute.

4. This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or Person with respect to information designated as "Confidential Information" pursuant to this Protective Order. The fact that information is or is not designated as “Confidential Information” under this Protective Order shall not determine what a trier-of-fact may find to be confidential or proprietary.

5. This Protective Order shall not govern the use by a Party of any Discovery Material otherwise lawfully in its possession, notwithstanding the fact that the Party either produces that Discovery Material in the course of discovery in this action or receives a duplicate copy of that Discovery Material through discovery in this action.

6. The Parties may agree to accord Discovery Material produced in this action even greater confidentiality protection than that provided in Section II of this Protective Order, and nothing in the provisions of this Protective Order shall be deemed to preclude any Person from seeking and obtaining from the Court such additional protection with respect to the confidentiality of Discovery Material as may be appropriate or necessary.

7. Discovery Material shall not be disclosed to any Person or entity except as expressly set forth herein. All Discovery Material produced or provided by any Designating Person in connection with this litigation shall be used by the Parties only for the purposes of this action, and may be used for such purposes, such as and including depositions, motions, exhibits, pre-trial preparation, trial or appeal. Otherwise, except by order of the Court, such Discovery Material shall not be used by any Party other than the producing Party for any other purpose.

8. Inadvertent production of privileged information shall not constitute a waiver of any applicable privilege. Upon written notice by the producing or

designating Party that privileged information was inadvertently produced, all Parties shall destroy or return all copies of the information to the producing or designating Party within ten (10) days of such notice.

**II. <u>CONFIDENTIAL INFORMATION</u>**

**A. <u>Designation of Confidential Information</u>**

1. A Designating Person, who reasonably believes in good faith that a Document being produced contains Confidential Information, may designate such Document as containing such information only by: (1) Bates stamping such Document; and (2) stamping such Document with the following legend: "CONFIDENTIAL INFORMATION."

2. Failure of any Designating Person to designate Confidential Information in the manner described in Paragraph 1 hereof shall not preclude any Designating Person from thereafter in good faith making such a designation. Documents and materials so designated shall be fully subject to this Protective Order and treated thereafter according to the new or corrected designation.

**B. <u>Qualified Person Re Confidential Information</u>**

Any document or other Discovery Material designated as "Confidential Information" may be disclosed only to the following Persons and/or entities:

1. The Court, its officers, jury, and any special master, referee, or mediator authorized to act in this proceeding;

2. Counsel of record for the Parties to this action, and their employees or employee equivalents (e.g., legal assistants, secretaries, clerical staff, copy vendors, etc.) who are regularly employed by such counsel and who are actively engaged in assisting such counsel in this action;

3. Court reporters, deposition reporters, and their staff, to the extent necessary to perform their duties;

4. Witnesses in the course of a deposition taken in this action;

5. The Parties to this action, and those officers, directors, managing agents, or employees of the Parties hereto who are actively engaged in the preparation of this action for trial or for other resolution;

6. Any retained or non-retained expert and/or consultant who is engaged in the preparation of this action for trial or for other resolution and who agrees in writing to be bound by the confidentiality requirements of this Order.

**C. Limited Use of Confidential Information**

Documents and Discovery Material designated "Confidential Information" shall be used solely for this lawsuit, and shall not be used for any other purpose, including, but not limited to, any other litigation, arbitration, or claim.

**D. Procedure for Filing of Confidential Information with the Court**

In the event that any portion of any Confidential Information is submitted to the Court for any purpose, the Filing Party shall comply with the following:

1. A Filing Party shall sanitize or redact the documents and/or Confidential Information so as to remove any reference to Confidential Information when this can be accomplished without destroying the purpose for which the documents and/or Confidential Information is to be filed. Following sanitization, the Filing Party shall present the sanitized document to the Designating Party, who shall then have three (3) business days (the "Review Period") to review the sanitized document for Confidential Information. Upon the expiration of the Review Period, or upon the Designating Party's sooner notification to the Filing Party that the Designating Party is satisfied that the sanitized document contains no Confidential Information, the sanitized document may be filed in its redacted and/or sanitized form upon the public record as if it were any other filing. If the Designating Party objects to the filing of the Confidential Information prior to expiration of the Review Period, the Designating Party shall not oppose the filing of the Confidential Information under seal. If a timely objection is made during the Review Period, the Filing Party may then immediately apply to file the Confidential Document under seal.

2. Alternatively, for Confidential Information for which the procedure of paragraph 2.D.1, above is not applicable or not used, within three (3) business days before the filing, the Filing Party will notify the Designating Party by Bates number or other reasonable description, of the Confidential Information that the Filing Party intends to lodge with the Court under seal. The Designating Party will notify the Filing Party within one (1) business day after receiving this notice if the Designating Party agrees that some, part, or all of the Confidential Information need not be lodged with the Court under seal. A Designating Party shall not unreasonably withhold its agreement that some, part, or all of the Confidential Information need not be lodged with the Court under seal, however a Designating Party is under no obligation to waive any claim of confidentiality that is made in good faith. The court's denial of any application to file under seal shall not prejudice or limit the Filing Party from seeking to use, file or to challenge the Confidential Information designation, of any information or documents designated as Confidential Information, as provided in this Stipulation, or according to law, or to prejudice or limit a Party's right or ability to timely prosecute or defend this action, or any motion or proceeding within this action.

3. In accordance with Local Rule 79-5, the Filing Party will present to the Court the document(s) submitted for filing under seal, a written application , and a proposed order. Further, in accordance with Local Rule 79-5, the original and judge's copy of the documents to be filed under seal shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope. The Parties recognize that one of the manifest purposes of this Stipulated Protective Order is to avoid the expense associated with litigating discovery disputes over confidentiality-related issues and as such the Parties agree that they will not oppose any written application seeking the sealing of documents absent a substantial justification to do so.

4. In accordance with Local Rule 79-5, the Filing Party will present to the Clerk for filing, in paper format, any materials containing Confidential Information and will electronically file a Notice of Manual Filing in accordance with Local Rule 5-

4.2.

5. Nothing in this Stipulation, or by using the procedures in this section, shall prejudice or limit any party's rights under this Stipulation or law from seeking to file or challenge the Confidential Information designation of material, documents or information designated as Confidential Information.

**D. <u>Hearing Re Confidential Information</u>**

Counsel for any Party may request that any hearing or testimony with respect to information that has been designated "Confidential Information" by that Party shall be held in camera and the transcripts thereof sealed as provided in Section II, above.

**E. <u>Depositions Re Confidential Information</u>**

The Parties may use Confidential Documents and Confidential Information during depositions in this action. In the event that any document or other Discovery Material designated as "Confidential Information" is marked as an exhibit in a deposition, or any question is asked at a deposition that calls for or requires the disclosure of Confidential Information, any Party may request within twenty (20) days after receipt of the transcript of the deposition (through written notice to all Parties) that any portion of such deposition transcript relating to Confidential Information be designated pursuant to this Protective Order. If the designation is made after the court reporter has prepared the transcript, each counsel shall be responsible for appropriately labeling all of his or her copies of such deposition transcript.

Any Party also may request at the deposition (through a notation on the record) that the portion of the deposition transcript relating to such Confidential Information be treated as follows:

The reporter shall separately bind the portion(s) of the transcript containing Confidential Information, and any exhibit(s) to the deposition designated as "Confidential Information," and shall mark such portion(s) and exhibit(s) substantially as follows:

/ / /

CONFIDENTIAL INFORMATION
FDIC vs. DOMINIC J. DUBLINO, et al.
Case No. EDCV12-2121 TJH (OPx)

**III. POST-DISCOVERY TREATMENT OF DESIGNATED INFORMATION**

1. This Protective Order shall not govern at trial. The Parties to this action shall attempt to agree on procedures to protect at trial the confidentiality of information designated pursuant to this Protective Order and shall, prior to trial, submit such proposed procedures to the Court for its approval or modification.

2. Not later than thirty (30) days after the final disposition of this litigation, including any appeals, all Discovery Material shall, at the option of the Receiving Party, be returned to counsel for the Producing Party or to the Designating Persons or destroyed and a certificate of destruction provided. If any Discovery Material is furnished under this Protective Order to any expert or to any other Person, the attorney for the Party retaining such expert or furnishing the Discovery Material shall be responsible to ensure that it is returned and disposed of pursuant to this Protective Order.

3. No part of the terms of this Protective Order may be terminated, except by the written stipulation executed by counsel of record for each Party, or by an order of this Court for good cause shown. This Protective Order shall survive any final disposition of this case, and after termination of this action, the Court shall retain jurisdiction to enforce or modify this Protective Order.

4. If at any time any Confidential Information protected by this Protective Order is subpoenaed or requested by any court, administrative or legislative body, person or entity, other than a Party to this action purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to any Party which has designated such information as Confidential Information so as to advise such Party of the need to promptly obtain a protective order or act to quash the subpoena. The Party

to whom the subpoena or other request is directed shall not produce the Confidential information until the party seeking to maintain confidentiality has had thirty (30) calendar days to obtain an appropriate order. However, nothing contained in this Protective Order should be construed as authorizing or encouraging a Party in this action to disobey a lawful subpoena issued in another action.

IT IS SO ORDERED.

DATED: May 17, 2013

HON. TERRY J. HATTER, JR.
UNITED STATES DISTRICT JUDGE

**Exhibit A**

**ACKNOWLEDGMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND**

I, ________________________________ [print or type full name], of ________________________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protected Order that was issued by the United States District Court for the Central District of California on __________, 2013, in the case of *FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for AmTrust Bank, v. DOMINIC J. DUBLINO, an individual, et al.*, United States District Court, Central District of California, Southern Division, Case No. EDCV12-2121 TJH (OPx).

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order as they apply to me, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Dated: ______________________

City and State where sworn and signed: ______________________

Signature: ____________________________

Printed name: _________________________